IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELVA DEL CARMEN GARCIA DE CRUZ<br>3527 Center Street N.W.<br>Apt. T1<br>Washington D.C.<br><br>    *Plaintiff*,<br><br>    v.<br><br>FIREBRICK FOOD GROUP, INC.<br>904 King Street<br>Alexandria, VA 22314<br><br>Serve: Douglas Baj<br>        3809 N 14th Street<br>        Arlington, VA 22201<br><br>RR4, LLC<br>1348 H Street N.E.<br>Washington D.C. 20002<br><br>Serve: James O'Brien<br>        1703 Allison Street N.W.<br>        Washington D.C. 20001<br><br>DOUGLAS BAJ<br>428 Luray Place N.W.<br>Washington D.C. 20010<br><br>JAMES O'BRIEN<br>428 Luray Place N.W.<br>Washington D.C. 20010<br><br>    *Defendants*. | Civil Action No.: 20-2778 |

**COMPLAINT**

      Plaintiff, Elva Del Carmen Garcia De Cruz ("Plaintiff Cruz"), hereby brings suit against

Firebrick Food Group, Inc. ("FFG"), RR4, LLC ("RR4"), Douglas Baj ('Baj"), and James O'Brien

("O'Brien") (collectively "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C.

§§ 201, *et seq.* ("the FLSA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA") and the District of Columbia Payment and Collection of Wages Law, D.C. Code §§ 32-1301 *et seq.* ("DCPCWL"). Plaintiff alleges as follows:

## JURISDICTION

1. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

2. This Court has *in personam* jurisdiction over Defendants because they conduct business in the District of Columbia. In addition, Plaintiff was employed in the District of Columbia within the meaning of D.C. Code § 32-1003 (b) because Plaintiff regularly spent more than 50% of her working time in the District of Columbia.

## THE PARTIES

3. Plaintiff is an adult resident of the District of Columbia, who was employed by Defendants as a "food preparer" from 2009 until on or about August 14, 2020.

4. RR4 is a limited liability company organized under the laws of the District of Columbia. RR4 operates a "RedRocks" pizza located at 1348 H Street N.E., Washington D.C., where Plaintiff regularly spent more than 50% of her working time and or, spent a substantial amount of her working time without spending more than 50% of his working time in another state.

5. FFG is a corporation organized under the laws of the Commonwealth of Virginia. FFG operates a second pizza restaurant where Plaintiff worked under the name "RedRocks" located at 904 King Street, Alexandria VA.

6.     Baj is an owner, director and manager of FFG and an owner and manager of RR4. He is Plaintiff's employer within the meaning of the FLSA, the DCMWRA and the DCPCWL, because: (1) he is an owner, officer, manager, and/or director of FFG and RR4; (2) he has operational control over both RR4 and FFG and is significantly involved in their day-to-day operations by working as a manager and directing employees, including Plaintiff; (3) he has control over FFG's and RR4's corporate funds used to pay employees, including Plaintiff, and can allocate funds as profits; (4) he had authority to set Plaintiff's rate of pay and authorized payment of Plaintiff's wages and approved her raises; (5) he had knowledge of and approved of the manner in which Plaintiff was paid (5) he had authority to hire and fire Plaintiff; (6) he had authority to discipline Plaintiff; (7) at times, Baj, through the use of mid-level managers, supervised Plaintiff when she worked at both RR4 and FFG; (8) he maintained the Plaintiff's employment records; (9) he was instrumental in creating personnel policies at FFG and RR4, including compensation policies, and he enforced those policies through mid-level supervisors at FFG and RR4.

7.     O'Brien is an owner, officer and manager of RR4 and an owner, director and manager of FFG. He is Plaintiff's employer within the meaning of the FLSA, the DCMWRA and the DCPCWL, because: (1) he is an owner, officer, manager, and/or director of FFG and RR4; (2) he has operational control over both RR4 and FFG and is significantly involved in their day-to-day operations by working as a manager and directing employees, including Plaintiff; (3) he has control over FFG's and RR4's corporate funds used to pay employees, including Plaintiff, and can allocate funds as profits; (4) he had authority to set Plaintiff's rate of pay and authorized payment of Plaintiff's wages and approved raises; (5) he had knowledge of and approved of the manner in which Plaintiff was paid (5) he had authority to hire and fire Plaintiff and did in fact hire Plaintiff; (6) he had authority to discipline Plaintiff; (7) at times, he supervised Plaintiff when she worked

at both RR4 and FFG through the use of mid-level supervisors; (8) he maintained the Plaintiff's employment records; (9) he was instrumental in creating personnel policies at FFG and RR4, including compensation policies, and he enforced those policies through mid-level supervisors at FFG and RR4.

8. FFG and RR4, both employed the Plaintiff because they: (1) had authority to hire and fire Plaintiff; (2) set the terms and conditions of Plaintiff's employment, including compensation and pay practices, (3) set Plaintiff's rate of pay and paid her wages; (4) disciplined Plaintiff; (5) set her schedule and direct her in the performance of her work; and (6) maintained her employment records.

9. Additionally, for the purposes of computing Plaintiff's overtime pay and overtime premium, FFG and RR4 together constitute a single statutory employer under the FLSA, the DCMWRA and the DCPCW. In other words, the collective number of weekly hours Plaintiff spends at both locations should constitute her total weekly hours for overtime purposes. This is because FFG and RR4 have an interrelation of operations, centralized control of labor relations, common management, and common ownership and financial control. First, FFB and RR4 share common ownership, common management and common financial control, as both Baj and O'Brien are officers and owners of both FFG and RRA.  Each week, Baj and/or O'Brien assigned Plaintiff to work part of the week at FFG and the other part at RR4. Plaintiff would frequently be assigned by Baj or O'Brien to work shifts at both FFG and RR4 in the same day. Second, the operations of RR4 and FFG are inextricably intertwined. The two entities routinely share supplies, employees and managers, as Baj and O'Brien also go back and forth between FFG and RR4 and co-manage the operations at both locations. Third, RR4 and FFG present themselves to the public as a single entity with one name -- RedRocks Pizzeria – with multiple locations and the two

restaurants have a single shared website. *See* https://www.redrocksdc.com. Fourth, the menus, uniforms, and employee policies and procedures at both locations are the same. The only functional difference between FFG and RR4 is that they maintain separate payroll accounts for Plaintiff in order to conceal from their payroll providers that Plaintiff was working overtime but not being paid time-and-a-half.

10. FFG and RR4 also constitute a single "Enterprise" within the meaning of 29 U.S.C. § 203 (r)(1), for the same reasons. As alleged in ¶ 9, they: (1) perform related activities; (2) through unified operations and common control of Defendants Baj and O'Brien; and (3) for a common business purpose. FFG and RR4 also, together and separately constitute an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as they each (or together) have: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## STATEMENT OF FACTS

11. Plaintiff began working for Defendants in 2009 until on or about August 14, 2020, when she was terminated. Plaintiff's position was "food preparer" and her duties included, but were not limited to, preparing food, and making pizzas, cleaning the kitchen as well as other areas of the restaurant, taking out the trash, and unpacking supplies and materials.

12. Plaintiff was always paid on an hourly basis at a rate that ranged from $10.50 per hour in 2015 to $14.50 (by RR4) and $14.00 per hour (by FFG) at or near the time she was terminated. Defendants kept track of Plaintiff's time using a time clock.

13. Plaintiff worked 6 days per week. And, each week, Defendants Baj and/or O'Brien

5

assigned Plaintiff to work part of the time at RR4 and part of the time at FFG. During some years, Plaintiff was assigned to work at both locations in the same day.

14. In most weeks, Plaintiff worked no less than 50 hours for the Defendants. However, Plaintiff was never paid and overtime premium. Instead, Defendants utilized two separate payroll systems, one for FFG and one for RR4, and paid Plaintiff with a separate check for the time she spent working at each location. In this way, it did not appear to the payroll company that Plaintiff was working overtime and Defendants were able to pay Plaintiff only her straight-time rate and avoid detection of their wage theft scheme.

15. At the present time, Plaintiff is unable to calculate the full extent of her damages because she does not possess all of her time and payroll records. Those records are in the exclusive possession of the Defendants.

## TIMELY ASSERTION OF CLAIMS

13. The applicable statute of limitations under the DCPCWL and the DCMWRA (which became effective on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff an overtime premium for some work hours. Given that Plaintiffs' employment ended on or about August 14, 2020, the violations were continuous and the last violation occurred on that date and the limitations period for Plaintiff's wage claims under the DCMWRA and the DCPCWL will elapse on or about August 14, 2023. Therefore, Plaintiff has asserted timely claims for violations of the DCPCWL and the DCMWRA for following period: February 26, 2015 to August 14, 2020.

14. Plaintiff has also asserted timely wage claims under the DCMWRA and DCPCWL for violations occurring from February 26, 2015 to March 19, 2020 for another reason: the statute of limitations for her claims under these statutes was tolled beginning on May 27, 2015, and for each day thereafter, when, on a continuing basis, Defendants failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants, to provide written notice to Plaintiff of, *inter alia*, her overtime rate of pay and any exemption that applies to her. Defendants were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiff's employment with Defendants did they comply with the notice provisions by providing Plaintiff with written notice of her overtime rate of pay or any applicable exemption. Since Defendants failed to provide the required written notice to Plaintiff, the statute of limitations in § 32-1308 (c) was tolled on May 27, 2015 (and for each day thereafter). This also means that Plaintiff has timely unpaid wage claims for following time frame: February 26, 2015 to the end of Plaintiff's employment. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").  Therefore, Plaintiff has asserted timely claims for violations of the DCPCWL and the DCMWRA for following period: February 26, 2015 to August 14, 2020.

## COUNT I
## VIOLATIONS OF THE FLSA

16.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

17.     At all times relevant to the Complaint, Plaintiff was an employee of all Defendants within the meaning of the FLSA.

18.     At all times relevant to the Complaint, Defendants were Plaintiff's employers within the meaning of the FLSA.

19.     Defendants violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for her overtime hours – *i.e.* one and one-half times her regular hourly rate for each hour over 40 that she worked each workweek – and failing to pay Plaintiff for all hours worked.

20.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations under the FLSA is extended to three years. So, Plaintiff is bringing FLSA claims for the last three years -- back to September 30, 2017.

21.     Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for her unpaid overtime, plus an additional equal amount as liquidated damages, court costs, and reasonable attorneys' fees and expenses.

22.     The precise amount owed to the Plaintiff by Defendants cannot be calculated at this time because Plaintiff and her counsel do not possess all of Plaintiff's time records, which are in the exclusive possession of Defendants.

## COUNT II
## VIOLATIONS OF THE DCMWRA

23. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the paragraphs above.

24. At all times relevant to the Complaint, Plaintiff was an employee of Defendants within the meaning of D.C. Code § 32-1002 (2).

25. At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

26. Defendants employed Plaintiff in the District of Columbia for two reasons. Plaintiff either (1) "regularly" spent "more than 50% of [her] working time in the District of Columbia" or alternatively, (2) her employment "[was] based in the District of Columbia" and she "regularly" spent "a substantial amount of [her] working time in the District of Columbia and not more than 50% of [her] working time in any particular state." D.C. Code §32-1003 (b).

27. Defendants violated the DCMWRA by failing to pay Plaintiff an overtime premium for her overtime hours during the entire time Plaintiff was employed by Defendants and for failing to pay her for some hours of work.

28. As a result of the violations of the DCMWRA by Defendants, they are liable for Plaintiff's unpaid overtime wages from February 27, 2015 to the end of Plaintiff's employment, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

29.     The precise amount owed to the Plaintiff by Defendants cannot be calculated at this time because Plaintiff does not possess all of her time records, which are in the exclusive possession of Defendants.

## COUNT III
## VIOLATIONS OF THE DCPCWL

30.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

31.     At all times relevant to the Complaint, Plaintiff was an employee of Defendants within the meaning of D.C. Code § 32-1301 (2).

32.     At all times relevant to the Complaint, Defendants were employers of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

33.     Defendants employed Plaintiff in the District of Columbia for two reasons. Plaintiff either (1) "regularly" spent "more than 50% of [her] working time in the District of Columbia" or alternatively, (2) her employment "[was] based in the District of Columbia" and she "regularly" spent "a substantial amount of [her] working time in the District of Columbia and not more than 50% of [her] working time in any particular state." D.C. Code §32-1003 (b).

34.     Defendants violated the DCPCWL by failing to pay Plaintiff anything at all for some of her hours of work.

35.     As a result of the violations of the DCPCWL by Defendants, they are liable for Plaintiff's unpaid wages from February 26, 2015 to the end of her employment, liquidated damages equal to three times the unpaid wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

36.     The precise amount owed to the Plaintiff by Defendants cannot be calculated at this time because Plaintiff does not possess all of her time records, which are in possession of Defendants.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A.     enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to her unpaid overtime wages as liquidated damages;

B.     enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA and the DCPCWL, in the amount of Plaintiff's unpaid and illegally withheld overtime wages and straight-time wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages; and

C.     enter a judgment against Defendants, jointly and severally, and award Plaintiff his costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy
DC Bar No.: 457435
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
Telephone:     (301) 587-6364
Facsimile:     (301) 587-6308
e-mail:     smelehy@melehylaw.com
*Attorney for Plaintiffs*